Lyons J.
It is unnecessary to decide, whether the execution in this case issued by sufficient authority or not, the opinion of the Court being with the appellee upon another point. It may suffice to observe, that the permission obtained from Mr. Hepburn and Mr. Lee was merely intended as a fa\ or to Taylor, and ought not to have turned to the disadvantage of the person on whose account they acted. This though not expressed must have been understood.
The facts stated upon this record certainly exhibit as strong a case as can be imagined, to warrant the interposition of the Court, whose justice was so glaringly attempted to be eluded and abused. The execution is carried by the agent of Taylor into a distant county in pursuit of Hendricks, who, with his property, was removing from the reach of his creditors. It Is there levied upon his property, and the Commissioners are informed that both James and John Hendrickshad left Alexandria greatly in debt; were there considered as bankrupts, and were clandestinely removing from thence. Notwithstanding this caution, they restore the debtor his property upon his giving a tw elve-month’s bond, and accept his brother as security, who was then absconding with his property. *68 and, as well as the principal, was considered as being insolvent. Such conduct in the Commissioners, if it deserve not the epithet of fraud, was certainly highly improper and unjustifiable. Though they might have been made liable, yet a shorter and more effectual method was, for the Court, whose process had been thus abused, to quash the execution, That such a right belonged to that Court cannot be questioned. Were it otherwise, it would be in vain for Courts of justice to render their judgments. If this charge against the Commissioners were unfounded, the appellant has had time enough to justify their conduct. The insolvency of the security was suggested by the appellee, yet no attempt has been made to disprove it. Upon the whole we are clearly of opinion, that every Court hath a perfect right to watch over the execution of its judgments, and where its process hath been irregularly or fraudulently executed, to quash it, as being the best and speediest mode of doing justice, and that in this case the Court had sufficient ground to afford this summary interposition.
Judgment affirmed.([1])

(1) Commonwealth v. Hewett, 2 Hen. & Munf. 115.